[Civ. No. 3568. Second Appellate District, Division Two.—December 12, 1921.]

F. CASO, Respondent, v. K. HEBOIN et al., Appellants.

[1] NEGLIGENCE—DAMAGE TO TRUCK—EVIDENCE—AMOUNT OF EARNINGS.—Where, in an action for damages to a truck resulting from a collision with the truck of the defendant, the complaint alleged and the answer denied that plaintiff had lost the use of the truck for a period of ten days, it was proper to permit the plaintiff to testify as to the amount that he was earning with the truck at the time of the accident.

[2] ID.—ENTRANCE OF STREET INTERSECTION—RIGHT OF CONTROL UNTIL PASSAGE THEREFROM—INSTRUCTION.—An instruction that if it should be found that the defendant, in turning to the left, had the right of way over any vehicle approaching from the left, while making such turn, and if it should be found that the intersection had been entered, he had the right to maintain possession until the turn was completed and that the entrance of plaintiff was negligence, was properly refused.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellants.

J. H. Ardis, Dailey S. Stafford and W. S. Knott for Respondent.

CRAIG, J.—The action is one for damages for injuries to the person sustained in a collision between the plaintiff's truck and the truck of the defendant and also for damages resulting to the plaintiff for the loss of the use of his truck for a period of ten days. Defendant answered and alleged contributory negligence on the part of the plaintiff. Among other denials is one "that plaintiff has lost the use of said truck for a period of ten days," etc. From a verdict and judgment in favor of the plaintiff the defendant appeals.

[1] Two grounds are presented by appellant's brief. The plaintiff was a witness in his own behalf. He was asked the following question: "Mr. Caso, how much money were you earning with your truck at the time of this accident?" Counsel interposed an objection on the ground that the question was immaterial. The objection was overruled and the witness answered that he was earning "ten or twelve dollars or twenty dollars a day." The question and answer were clearly material to the issue presented by the complaint and the denial contained in the answer above quoted.

[2] The defendant requested the court to give the following instruction: "You are instructed that if you should find from the testimony that the defendants, at the time of the accident, in turning to the left on Long Beach Boulevard, had the right of way over any vehicle approaching him from the left, while he was making such turn, and if you should find that the defendants had entered said intersection and were turning into the intersection of the streets involved in this accident, then they had the right to maintain possession of the crossing until they had completed their turn, and if the plaintiff entered said intersection while it was then being used by the defendants under the circumstances just mentioned, such entrance would be negligence, and if you find that this negligence contributed in any degree to the plaintiff's injury, then your verdict shall be for the defendants." This the court properly refused to

do. If this instruction were a correct statement of the law, one entering upon a street intersection would without regard to any other consideration have the exclusive control of the entire area of the intersection until he had passed therefrom and any other vehicle entering any portion thereof would do so at its peril. The principal issue presented by the evidence was as to whether or not the defendant in making a turn at the street intersection in question was proceeding upon his right or his left-hand side. The appeal is without merit.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.